Taxes; excise tax; private foundation; self-dealing; "excess business holding” under Tax Reform Act of 1969; fair market value of closely held stock. — On July 3, 1973 plaintiff purchased for $45,560,000 all of the unlisted and seldom traded common stock of the St. Louis County Water Company from the Charles Stewart Mott Foundation, a private foundation within the meaning of Sec. 509(a) of the Code. The foundation was required to sell the stock pursuant to Sec. 4943 of the Code, added by the Tax Reform Act of 1969, which imposed a tax on "excess business holdings” of private foundations. Plaintiff, because of direct and indirect ownership of its stock by members of the Mott family, was a "disqualified person” with respect to the foundation as defined in Sec. 4946(a)(1)(E) of the Code. The savings provision of the Act, however, permitted excess business holdings to be sold to a disqualified person, and exempted such sale from the excise tax imposed on self-dealing, provided, inter alia, the purchase price equaled or exceeded the fair market value of the stock. In October 1976 the IRS determined that the fair market value of the stock as of the date of sale was $60,212,103, and assessed against plaintiff $4,620,627.84 in Sec. 4941 excise taxes on self-dealing, and interest thereon. Upon denial of plaintiffs claim for refund, the present suit was filed. At trial defendant abandoned its original valuation and asserted that the fair market value was $50,000,000, or, as a minimum, $49,332,000. Plaintiffs appraisal experts contended that the fair market value was less than $45,560,000, and asserted values varying from $37,742,000 to $43,900,000. On April 2, 1982 Trial Judge Kenneth R. *718 Harkins, filed a recommended opinion [reported in full at 82 AFTR 1071 and 82 USTC para. 9300] holding that the IRS appraisal was based on improper methods of value, and that the foundation’s reports, some of which had been prepared before the sale to establish the sales price, as well as the testimony of appraisers and investment banking firms presented by plaintiff were acceptable, plaintiffs principal appraisal experts having utilized commonly accepted principles of valuation. The trial judge indicated that while defendant’s position was shown to be erroneous, it was not shown to be unreasonable. Valuation of property is at best an inexact science or highly imprecise art, and there are as many approaches to valuation as there are valuation experts. The trial judge concluded that as a matter of law plaintiff is entitled to recover. On June 11, 1982 the court, by order, adopted the trial judge’s recommended decision as the basis for its judgment, held that plaintiff is entitled to recover, and entered judgment to that effect with the amount of recovery to be determined under Rule 131(c). On July 23, 1982 the court ordered that judgment of $1,110,000 in tax, and $133,295.28 in assessed interest, plus statutory interest, be entered for plaintiff.